Oldham I. This suit was brought for the use and benefit of Gaines as administrator de bonis non oí the estate of Benjamin Patton, deceased, against the defendants as the securities of John Clark upon his bond as the original administrator of the same estate. ■ The action seems to have been based upon the 37th and 38th sections of the ith chapter of the Revised Statutes, which enact that “If any executor or administrator die, or resign, or his letters he revoked, he or his legal representatives, shall account for, pay and deliver to his successor, or the surviving or remaining executor, all money and personal property and all the rights, credits, deeds, evidences of debts and papers of any kind belonging to the estate of the deceased, at such time, and in such manner as the court shall order, and such court in case of a refusal to comply with such order shall have power to enforce the same by attachment. The succeeding administrator or remaining executor may proceed at law against the delinquent and his securities or either of them, &c.” The administrator de bonis non cannot maintain an action upon the bond of his predecessor, under these two sections without averring in his declaration, that such previous administrator, or, in case of his death, his legal representatives, had been ordered by the Court of Probate of the proper county to account for the money, &c., belonging to said estate, and a failure or refusal to comply with said order, or that having accounted therefor, the court had ordered the same to be paid to the administrator de bonis non, and a failure or refusal to pay according to the order of the court. Without such averment the declaration is ■ defective and does not disclose a right of action in the name of the administrator de bonis non against his predecessor or his securities. Neither of the breaches assigned in the declaration of the condition of the bond sued upon, contains any such averment as either of those above stated. It may be insisted that as each of the breaches aver that Clark as administrator of Patton, collected and received the property of the estate and sold it and appropriated the proceeds to his own use, it cures the omission. It was the duty of the administrator to collect and receive the property, to sell it and receive the proceeds. The time for the making of his first settlement had not arrived when, as it appears from the date of the bond, his success- or was appointed. The right of action given to the administrator de bónis non against the preceding administrator and his securities does not extend to any and every breach of the bond, but upon the facts supposed by the sections of the statute above referred to. The judgment of the Circuit Court sustaining the demurrer to the declaration was correct, and the same is affirmed.